UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY MILLER,

       Petitioner,                                   Case No. 2:14-CV-13797

v.                                           PAUL D. BORMAN
                                           UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

       Respondent,

_____/

**OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS
CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL
IN FORMA PAUPERIS**

      Bobby Miller, ("petitioner"), incarcerated at the Kinross Correctional Facility in

Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §

2254.  In his *pro se* application, petitioner challenges his conviction for first-degree felony

murder, M.CL.A. § 750.316(1)(b); armed robbery, M.CL.A. § 750.529; felon in possession of a

firearm,  § 750.224f; and being a fourth felony habitual offender, M.CL.A. § 769.12.  For the

reasons stated below, the application for a writ of habeas corpus is DENIED WITH

PREJUDICE**.**

**I.  BACKGROUND**

      Petitioner was convicted following a jury trial in the Wayne County Circuit Court.

      This Court recites verbatim the relevant facts relied upon by the Michigan Court of

Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See*

*Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009).

      Defendant's convictions stem from an armed robbery that occurred on April 30,
      2010.  The armed robbery resulted in the death of Raymond Webster, who died of

a single gunshot wound to his stomach. No bullet or casing was ever recovered. It was determined that $5,000 in cash and marijuana were stolen from Webster's person, and a laptop computer was taken from his home. Police had no leads in regard to the robbery and murder of Webster until May 17, 2010, when Webster's laptop was recovered after the execution of a search warrant at a home located at 19918 Rowe Street in an unrelated investigation. Andre Cottingham was named as a target in the search warrant, and later it was discovered that Tawana Taylor and defendant lived at the home where the search warrant was executed. Eventually, Cottingham, Taylor, and defendant were all arrested and charged in connection with the robbery and murder at issue in this case.

Cottingham originally entered into a plea agreement with prosecutors to testify against defendant and Taylor, who were to be tried together before separate juries. However, at trial, Cottingham asserted his constitutional right to remain silent. Thereafter, Cottingham was declared unavailable, and his testimony from defendant's preliminary examination was read into the record. At the preliminary examination, Cottingham testified that on April 30, 2010, either Taylor or defendant called him to discuss a plan for a robbery. Cottingham went to Taylor's house, and after some discussion he and defendant went to 19186 Fairport Street. Defendant drove, and parked a block away from the address. Eventually, defendant and Cottingham were standing in front of a home located at 19186 Fairport Street, and Webster was sitting on the porch. When Webster noticed defendant and Cottingham, he threw up his hands and defendant immediately pulled a gun from his waistband and shot Webster in the stomach. Cottingham testified that defendant took money and marijuana from Webster's pockets, and that he went inside the residence and took a laptop. The men returned to Taylor's home and split the money and marijuana; defendant and Cottingham kept $1,000 each, and Taylor received $3,000 and the marijuana.

During trial, the prosecution also introduced a telephone conversation recorded on May 19, 2010, initiated by a male individual from the Macomb County Jail to a female at the telephone number (313) 633–4810. The prosecution argued that this telephone conversation was initiated by defendant and that the call was to Taylor. At the trial, defense counsel objected to the introduction of the recorded telephone conversation on foundation grounds. The trial court overruled the objection, and the recording was played unredacted for the jury. The prosecution argued that the telephone conversation corroborated much of Cottingham's preliminary examination testimony implicating defendant in the robbery. The jury found defendant guilty of the charges as previously indicated, and he now appeals his convictions as of right.

*People v. Miller*, No. 307190, 2013 WL 951181, p. 1 (Mich. Ct. App. Feb. 26, 2013).

Petitioner's conviction was affirmed. *Id., lv. den.* 495 Mich. 852, 836 N.W.2d 171 (2013).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner Miller's Sixth Amendment right to a public trial was violated by the closing of the courtroom and the exclusion of members of his family from jury selection.

II. Was Petitioner Miller denied his due process right to a fair trial where the trial court allowed the introduction, without notice, of irrelevant and prejudicial other bad acts evidence, including Petitioner's prior record; reversal is required since the evidence had no bearing on credibility and simply suggested a propensity to commit crime? US Const Am, XIV.

III. Petitioner was denied his right to remain silent and his right to a fair trial by the introduction of testimony that he refused to speak to police while in custody, US Const Ams V; XIV.

IV. Petitioner was denied his Sixth Amendment right to the effective assistance of counsel under the United States Constitution where counsel failed to investigate and produce witnesses, thus denying Petitioner a viable defense.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable

application" occurs when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the

writ simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at

410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief

so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

*Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652,

664 (2004)).  The Supreme Court emphasized "that even a strong case for relief does not mean

the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,*

538 U.S. 63, 75 (2003)).  Furthermore, pursuant to § 2254(d), "a habeas court must determine

what arguments or theories supported or...could have supported, the state court's decision; and

then it must ask whether it is possible fairminded jurists could disagree that those arguments or

theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*  In

order to obtain habeas relief in federal court, a state prisoner is required to show that the state

court's rejection of his claim "was so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for fairminded

disagreement." *Harrington,* 562 U.S. at 103.

### III.  DISCUSSION

#### A.  Claims # 1 and # 2.  The procedurally defaulted/waived claims.

The Court discusses petitioner's first and second claims together because respondent

argues that both claims are procedurally defaulted and/or waived because petitioner failed to

object.

Petitioner first contends that his Sixth Amendment right to a public trial was violated when the courtroom was closed to the public during *voir dire*.

Respondent contends that petitioner's public trial claim is waived and/or procedurally defaulted because petitioner failed to object to the closure of the courtroom for the jury selection process.

"The central aim of a criminal proceeding must be to try the accused fairly." *Waller v. Georgia*, 467 U.S. 39, 46 (1984). The Sixth Amendment public-trial guarantee was created to further that aim. *Id.* (citing *Gannett Co. v. DePasquale*, 443 U.S. 368, 380 (1979)). A public trial helps to ensure that judge and prosecutor carry out their duties responsibly, encourages witnesses to come forward, and discourages perjury. *Id.* The violation of the constitutional right to a public trial is a structural trial error, not subject to the harmless error analysis. *Id.* at 49-50, n. 9.

In *Presley v. Georgia,* 558 U.S. 209, 216 (2010), the Supreme Court held that a criminal defendant's Sixth Amendment right to a public trial was violated when the trial court excluded the public from the *voir dire* of prospective jurors, when the court failed to consider reasonable alternatives to closure.

Although the right to a public trial is a fundamental right, it can also be waived if a habeas petitioner either acquiesces to the closure of the courtroom or fails to object. *See Johnson v. Sherry*, 586 F.3d 439, 444 (6th Cir. 2009)(citing *Freytag v. Commissioner*, 501 U.S. 868, 896 (1991)("[T]he Sixth Amendment right to a trial that is 'public,' provide[s] benefits to the entire society more important than many structural guarantees; but if the litigant does not

assert [it] in a timely fashion, he is foreclosed."); *Peretz v. United States*, 501 U.S. 923, 936–37

(1991)(citing *Levine v. United States*, 362 U.S. 610, 619 (1960)).  Other circuits have reached

the same conclusion. *See U.S. v. Reagan,* 725 F.3d 471, 488-89 (5th Cir. 2013); *cert. den.* 134

S. Ct. 1514 (2014)(defendants waived claim that right to public trial violated by the closing of

the courtroom during *voir dire*, hence, claim unreviewable on appellate review); *U.S. v. Christi*,

682 F.3d 138, 142-43 (1st Cir. 2012)(defendant waived any claim of error in court limiting

public access to courtroom during most of jury instructions by counsel's failure to object); *U.S.

v. Rivera,* 682 F.3d 1223, 1232 (9th Cir. 2012)(defendant may forfeit the right to a public trial,

either by affirmatively waiving it or by failing to assert it in a timely fashion).

The fact that the denial of the right to a public trial is a structural error does not mean

that the claim cannot be waived by petitioner's failure to object.  Although structural errors are

presumed to be prejudicial and thus not subject to harmless error review, such errors are

nevertheless subject to the general rules of waiver, forfeiture, and default. *See Johnson v.

United States*, 520 U.S. 461, 466 (1997)(waived or forfeited structural error subject to plain

error review under Fed. R.Crim. P. 52(b)). *See also United States v. Suescun*, 237 F.3d 1284,

1288, n. 12 (11th Cir. 2001)("Structural defects do not absolve a defendant's waiver of a

defense or objection.").  As noted above, numerous cases have held that the right to a public

trial can be waived.  Petitioner's failure to object to the closure of the courtroom during *voir

dire* thus waives federal habeas review of his public trial claim. *Johnson,* 586 F.3d at 444.

In the alternative, petitioner's public trial claim is procedurally defaulted because the

Michigan Court of Appeals determined that petitioner's public trial claim had not been

preserved for appellate review due to petitioner's failure to object to the closure of the

2:14-cv-13797-PDB-RSW   Doc # 7   Filed 06/25/15   Pg 7 of 16   Pg ID 1095

courtroom during *voir dire*. *Miller,* 2013 WL 951181, p. 5.

When the state courts clearly and expressly rely on a valid state procedural bar, federal

habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual

prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to

consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*,

501 U.S. 722, 750-51 (1991).  If petitioner fails to show cause for his procedural default, it is

unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533

(1986).  However, in an extraordinary case, where a constitutional error has probably resulted in

the conviction of one who is actually innocent, a federal court may consider the constitutional

claims presented even in the absence of a showing of cause for procedural default. *Murray v.

Carrier*, 477 U.S. 478, 479-80 (1986).  However, to be credible, such a claim of innocence

requires a petitioner to support the allegations of constitutional error with new reliable evidence

that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Michigan Court of Appeals concluded that petitioner's public trial claim was

unpreserved because he failed to object at trial and thus reviewed it for plain error only.  Under

Michigan law, a public trial claim is considered forfeited by a defendant's failure to object to

the closure of the courtroom at trial, and is subject only to plain error review. *See People v.

Vaughn*, 491 Mich. 642, 646, 664-65, 821 N.W.2d 288 (2012).  The fact that the Michigan

Court of Appeals engaged in plain error review of petitioner's first claim does not constitute a

waiver of the state procedural default. *Seymour v. Walker,* 224 F.3d 542, 557 (6th Cir. 2000).

Instead, this Court should view the Michigan Court of Appeals' review of petitioner's claim for

plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F.3d 239, 244 (6th

Cir. 2001).  Moreover, the fact that petitioner's public trial claim involves a structural error does not absolve him of the need to establish cause and actual prejudice to excuse the default. *See Ambrose v. Booker,* 684 F.3d 638, 650-51 (6th Cir. 2012).  Petitioner's public trial claim is procedurally defaulted.

Petitioner in his second claim alleges that he was denied a fair trial when the trial court allowed the prosecutor to introduce a recorded telephone conversation involving petitioner while he was incarcerated in the county jail, because the evidence was irrelevant and prejudicial and was introduced in violation of M.R.E. 404(b) to establish petitioner's propensity to commit the charged offense.

Respondent contends that petitioner's second claim is procedurally defaulted because petitioner did not object to the admission of this evidence on the ground that it was unfairly prejudicial or irrelevant or admitted in violation of M.R.E. 404(b) but objected on foundational grounds only.  Because petitioner failed to object to the admission of this evidence as being unfairly prejudicial or admitted in violation of M.R.E. 404(b), the Michigan Court of Appeals found petitioner's claim to be unpreserved and reviewed it for plain error only. *Miller,* 2013 WL 951181, p. 2 and n. 1.

Michigan has a firmly established procedural rule that an objection on one ground is insufficient to preserve an appellate argument based on another ground. *See e.g., People v. Aldrich*, 246 Mich. App. 101, 113, 631 N.W.2d 67 (2001); *People v. Asevedo*, 217 Mich. App. 393, 398, 551 N.W.2d 478 (1996).  The Michigan Court of Appeals clearly indicated that by failing to object to the admission of the telephone conversation on the ground that the evidence was unfairly prejudicial or admitted in violation of M.R.E 404(b), petitioner had not preserved

his second claim.  The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's second claim does not constitute a waiver of the state procedural default. *Seymour v. Walker,* 224 F.3d at 557.  Instead, this Court should view the Michigan Court of Appeals' review of petitioner's claim for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F.3d at 244.  Petitioner's second claim is procedurally defaulted.

Petitioner has not alleged nor demonstrated any cause for his procedural default for either claim, thus, it is unnecessary to reach the prejudice issue regarding his first and second claims. *Smith*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his public trial and evidentiary claims as a ground for a writ of habeas corpus in spite of the procedural default.  Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's first and second claims on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002). Petitioner is not entitled to relief on his first and second claims.

**B.  Claim # 3.  The claim involving references to petitioner's exercise of his right to remain silent.**

Petitioner next claims that Investigator Donald Olsen violated his Fifth and Fourteenth Amendment rights by improperly referring to petitioner exercising his right to remain silent. Petitioner refers to the following exchange between the prosecutor and Investigator Olsen:

> Q. Okay. Specifically in regards to Bobby Miller, sir, was there any other follow-up investigation or analysis that I'm leaving out that I have not asked you about, sir?
>
> A. I had met with Mr. Miller at the Macomb County Jail.

9

Q. Okay.

A. And he refused to have a conversation.

[DEFENSE COUNSEL]: Objection.

THE WITNESS: Sorry.

THE COURT: Okay. Sustained.

Q. Any other, I guess I should have asked my question more focusedly. Any other analysis or anything else looking at any other pieces of evidence, physical evidence?

A. Not that I can recall.

(Tr. 10/12/11, pp. 170-71).

On cross-examination from defense counsel, Investigator Olsen acknowledged that

every person has a right to remain silent and there is "nothing wrong" with refusing to make a

statement to the police. (*Id.,* p. 171).

The judge later instructed the jurors that they were not to consider any evidence that had

been stricken by the judge. (Tr. 10/13/11, p. 57).

The Michigan Court of Appeals rejected petitioner's claim, finding "the reference to

defendant's exercise of his right to remain silent in this case was the result of an open-ended

question that was clearly not designed to elicit a comment about defendant's silence, and the

immediate objection by defense counsel was sustained by the trial court."*Miller*, No. 307190,

2013 WL 951181, p. 5. The Michigan Court of Appeals further noted after the brief isolated

comment by Investigator Olsen:

[t]he prosecution did not mention or reference defendant's exercise of his right to
remain silent. On cross-examination, in response to defense counsel's specific
questions, Olsen testified that every person has a right to remain silent and there is
"nothing wrong" with refusing to make a statement. Further, the trial court

instructed the jury regarding its duty not to consider evidence that was stricken. Thus, we conclude that the brief, unintended, and isolated reference to defendant's silence did not constitute a denial of defendant's right to due process.

*Id.*

It is a violation of the Due Process clause of the Fourteenth Amendment for the prosecution to use a defendant's post-arrest silence to impeach exculpatory testimony given by the defendant at trial. *Doyle v. Ohio*, 426 U.S. 610, 619 (1976).  However, a single isolated reference to a defendant's exercise of his right to remain silent does not deprive a criminal defendant of a fair trial when the judge explicitly sustains an objection to the only prosecutorial question touching upon a defendant's post-arrest silence, the prosecutor engages in no further questioning or argument with respect to the defendant's silence, and the judge specifically advises jury that it should disregard any questions to which an objection was sustained. *See Greer v. Miller,* 483 U.S. 756, 764-65 (1987).

In the present case, there was only one isolated reference to petitioner's refusal to speak with the police.  The judge immediately sustained an objection to the remark.  The prosecutor never repeated this reference during trial.  The judge instructed the jurors not to consider any evidence that had been stricken.  Because there was only one isolated reference to petitioner's exercise of his right to remain silent, and this silence was never exploited by the prosecutor, petitioner is not entitled to habeas relief on his third claim.

### C.  Claim # 4.  The ineffective assistance of counsel claim.

Petitioner lastly claims that he was denied the effective assistance of counsel when his attorney failed to call several witnesses whom petitioner claims were at Taylor's house prior to the robbery whom petitioner claims could have impeached Cottingham's testimony.

The Michigan Court of Appeals rejected petitioner's claim:

No evidence in the record indicates what these witnesses' would testify to, or whether the testimony would be beneficial or harmful to defendant. Therefore, defendant has failed to demonstrate that he was deprived of a substantial defense, and has accordingly, failed to demonstrate counsel was ineffective.

*Miller*, 2013 WL 951181, p 8.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient

performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664)). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner failed to name these witnesses or attach any affidavits from these witnesses to the Standard 4 *pro per* supplemental brief that he filed with the Michigan Court of Appeals. [1] Petitioner also failed to provide this Court with any affidavits from these witnesses concerning their proposed testimony and willingness to testify on petitioner's behalf. Conclusory

---

[1] See Supplemental Brief. [Part of this Court's Dkt. # 6-14].

allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). By failing to present any evidence to the state courts in support of his ineffective assistance of claim, petitioner is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. *See Cooey v. Coyle*, 289 F.3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)). Petitioner offered, neither to the Michigan courts nor to this Court, any evidence beyond his own assertions as to whether the witnesses would have been able to testify and what the content of these witnesses' testimony would have been. In the absence of such proof, petitioner is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551, 557 (6th Cir. 2007). Petitioner is not entitled to relief on his fourth claim.

The Court denies the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d at 885. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 25, 2015.


s/Deborah Tofil
Case Manager